96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sarky MOURADIAN, Plaintiff-Appellant,
v.
BANKERS MULTIPLE LINE INSURANCE CO., Defendant-Appellee.
 No. 95-55794.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Sep. 10, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts, so we need not recite them here.
 
 1. Unambiguous Contract
 
 3
 The language of the conditional receipt clause in this case states in unequivocal, plain language that payment of the premium does not automatically provide insurance coverage. The district court did not err in ruling as a matter of law that the conditional receipt clause was not ambiguous.
 
 
 4
 2. Rule 50(a) Motion Regarding Temporary Coverage
 
 
 5
 Temporary insurance may arise, even with an unambiguous conditional receipt clause, but only if the clause was not brought to the attention of the applicant and not adequately explained to the applicant by the selling agent. State Farm Mutual Automobile v. Khoe, 884 F.2d 401, 407 (9th Cir.1989). Because there was a question of fact as to whether Visco adequately explained the clause to Mouradian, the district court did not commit prejudicial error in denying Mouradian's Rule 50 motion concerning temporary insurance.
 
 A. Exhibits 22, 28, and 141
 
 6
 "Evidentiary rulings are not reversible absent clear abuse of discretion" and a showing of prejudice. Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988).
 
 
 7
 Here, Mouradian offers no evidence of prejudice as a result of the evidentiary rulings other than the fact that the jury found no bad faith on the part of Bankers. Therefore, the district court did not abuse its discretion in admitting Exhibits 22, 28, and 141, and there was no prejudice.
 
 3. No Bad Faith
 
 8
 Because Mouradian did not move for a directed verdict at the close of the evidence of the case, the jury verdict will not be reversed if there is any evidence to support the verdict. There is nothing in the record which indicates that Bankers had knowledge of Mouradian's treatment prior to its rejection of Mouradian's application. Further, there is evidence in the record to support the jury's finding that Bankers' handling of Mouradian's claim and inquiries regarding his application was not a breach of the covenant of good faith and fair dealing.
 
 
 9
 4. No Error in Excluding the Testimony by Mouradian's Expert Witness
 
 
 10
 The district court excluded Mouradian's expert witness, Don Kelley, an attorney who was to testify as to certain insurance related matters.
 
 
 11
 "[T]he trial judge has broad discretion in ... admission or exclusion of expert evidence, and [her] action is to be sustained unless manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31, 35 (1962).
 
 
 12
 The district court excluded Kelley's testimony because it found that Kelley was not sufficiently qualified under Federal Rule of Evidence 702 to testify as an expert on matters concerning underwriting. The decision was based on the fact that Kelley's curriculum vitae did not specifically mention any underwriting experience, and that Kelley had not worked in the insurance business, per se, for almost thirty years. The court further concluded that Kelley's proffered testimony was borderline legal opinion.
 
 
 13
 The district court did not abuse its discretion in excluding Kelley's testimony.
 
 
 14
 5. No Prejudicial Error in Redacting Exhibit 84
 
 
 15
 Mouradian offered Exhibit 84 as relevant to show that Bankers was on notice of Mouradian's claim and to show that Bankers' failure to investigate further constituted unreasonable bad faith. The district court did not err in redacting portions of Exhibit 84. The information contained in the redacted paragraphs were opinions of Mouradian's attorney as to factual issues, some of which were in dispute. Thus, the district court did not abuse its discretion in redacting the paragraphs as more prejudicial than probative.
 
 
 16
 6. No Error in Instructing the Jury on Bad Faith
 
 
 17
 "[A] court is not required to ... amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." Los Angeles Memorial Coliseum v. National Football League, 791 F.2d 1356, 1360 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987).
 
 
 18
 The district court's instructions covered the bad faith theory, the elements of bad faith, the definition of bad faith, the damages which Mouradian could recover for bad faith, and in the event that the jury found bad faith, the instruction that the jury could go on to find punitive damages. The district court's refusal to give additional jury instructions was not an abuse of discretion.
 
 7. No Error in Limiting the Damage Evidence
 
 19
 Mouradian recovered $20,000 in damages on the breach of contract theory. Although the actual value of Mouradian's treatment was greater than $20,000, Mouradian was only liable for $20,000 and that was all he paid. Therefore, the district court did not err in limiting Mouradian's contractual damages to the amount of his loss.
 
 8. No Error in Denying Prejudgment Interest
 
 20
 California Civil Code § 3287(a) provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Damages are not certain and not recoverable if "a defendant does not know what amount [it] owes and cannot ascertain it except by accord or judicial process." Golden State Transit Corp. v. City of Los Angeles, 773 F.Supp. 204, 213 (C.D.Cal.1991) (quotations omitted).
 
 
 21
 In this case, the jury awarded Mouradian $20,000, the total amount he paid for his treatment. However, in Mouradian's complaint and pleadings throughout the course of the litigation, Mouradian claimed that his damages were in excess of $100,000, the total value of the services he received.
 
 
 22
 The district court did not abuse its discretion in denying the motion to amend the judgment because Bankers did not know what amount, if any, it owed to Mouradian until after the jury decision.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3